In the Matter of ROBERT J. WHITBREAD, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 18, 1992

### APPEARANCES OF COUNSEL

*Gerard M. LaRusso,* Buffalo, for petitioner.

*James P. Shanahan,* Syracuse, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Robert J. Whitbread, Esq., was admitted to the practice of law by the State of New York by this Court on February 16, 1982, and he maintains an office for the practice

of law in Skaneateles, New York. By petition dated November 6, 1991, the Grievance Committee of the Eighth Judicial District charged respondent with various violations of the Code of Professional Responsibility, specifically: former DR 2-110 (A) (2), withdrawal from employment without taking steps to the extent reasonably practical to avoid foreseeable prejudice to the rights of the client; former DR 6-101 (A) (3), neglecting a legal matter entrusted to him; former DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice; former DR 1-102 (A) (6), engaging in conduct that adversely reflects on the lawyer's fitness to practice law; former DR 7-101 (A) (2), failing to carry out a contract of employment entered into with a client for professional services; former DR 7-101 (A) (3), prejudicing or damaging the client during the course of the professional relationship. In addition, the petition charged respondent with a violation of Judiciary Law § 468-a and Rules of the Chief Administrator § 118.1 (22 NYCRR 118.1) by failing to register as an attorney and failing to pay the biennial registration fee.

We referred the matter to a Referee to take proof upon the issues of fact raised by the petition and answer. Thereafter, the parties entered into a written stipulation of facts dated June 29, 1992, which the Referee adopted as his report. Based upon the stipulated facts, we find that respondent is guilty of professional misconduct as charged in the petition. We have considered respondent's statements in mitigation of the charges concerning his illness and his divorce action and we conclude that they do not excuse his irresponsible conduct in neglecting legal matters entrusted to him and in abandoning his clients. We determine that respondent should be suspended for a period of one year and until the further order of this Court.

DENMAN, P. J., BOOMER, PINE, BOEHM and DAVIS, JJ., concur.

Order of suspension entered.